IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL C., an individual; and F.C, an individual,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE CO.; and MARSH & MCLENNAN AETNA MEDICAL PLAN,<br><br>　　　　Defendants. | **MEMORANDUM ORDER AND DECISION GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>Case No. 1:24-cv-78-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennet |

　　　　Now before the court is Defendant Aetna Life Insurance Co. (Aetna) and Defendant Marsh & McLennan Aetna Medical Plan's (Plan) unopposed Motion to Dismiss for Failure to State a Claim.[1]  Having reviewed the Motion and for good cause appearing, the court GRANTS Defendants' Motion.

　　　　This dispute concerns Plaintiffs' Claim for Recovery of Benefits under ERISA and Defendants' alleged violation of the Mental Health Parity and Addiction Equity Act (MHPAEA) stemming from Plaintiff F.C.'s treatment at two distinct inpatient mental health treatment facilities: Elements Wilderness Program (Elements) and Catalyst Residential Treatment Center (Catalyst).[2]  Defendants now seek to dismiss with prejudice Plaintiffs' claims as they relate only to F.C.'s treatment at Elements because Plaintiffs failed to exhaust administrative remedies as

---

[1] Dkt. 9, *Motion to Dismiss and Memorandum in Support* (*Partial Motion to Dismiss*).

[2] Dkt. 1, *Complaint*.

required under ERISA and the MHPAEA.[3]  Plaintiffs concede they failed to exhaust administrative remedies with respect to their Elements-related claims and decline to oppose Defendants' Motion "so long as it is limited to the services provided at Elements."[4]

Accordingly, the court grants Defendants' Motion to Dismiss with prejudice insofar as it relates to Plaintiffs' claims for F.C.'s treatment at Elements.[5]  Plaintiffs' claims stemming from F.C.'s treatment at Catalyst under ERISA and the MHPAEA remain intact.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED.[6]

SO ORDERED this 28th day of October 2024.

BY THE COURT:

ROBERT J. SHELBY

Chief United States District Judge

---

[3] *Partial Motion to Dismiss* at 5–6 (citing *Getting v. Fortis Benefits Ins. Co.*, 108 F. Supp. 2d 1200, 1202 (D. Kan. 2000), *aff'd sub nom. Getting v. Fortis Benefits Ins. Co.*, 5 F. App'x 833 (10th Cir. 2001) and *S.F. v. CIGNA Health & Life Ins. Co.*, No. 2:23-CV-213-DAK-JCB, 2024 WL 1912359, at *7 (D. Utah May 1, 2024)).

[4] Dkt. 12, *Plaintiffs Response to Defendants' Partial Motion to Dismiss* (*Response*) at 2.

[5] Defendants seek dismissal with prejudice because Plaintiffs' Elements-related claims cannot be cured because the Plan's deadline for secondary appeal lapsed.  *See* Dkt. 13, *Reply in Support of Defendants' Motion to Dismiss* (*Reply*) at 2 (citing Dkt. 9-1, *Aetna Plan Administrative Information* at 87 and *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007)).  Plaintiffs did not move to file a Sur-Reply contesting dismissal with prejudice.

[6] Dkt. 9.